**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ADOLFO VICENTE LOPEZ ARMAS,

    Plaintiff,

vs.                                               Case No. 3:11-cv-147-J-34JRK

IGNITE RESTAURANT GROUP,
doing business as Joe's Crab Shack,
a Delaware Corp.,

    Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

Before the Court is Plaintiff Adolfo Vicente Lopez Armas ("Plaintiff") and Defendant Ignite Restaurant Group ("Defendant('s)") Joint Motion to Approve Settlement and Incorporated Memorandum of Law (Doc. No. 11; "Motion"), filed June 13, 2011, a copy of their Settlement Agreement, Release, and Waiver (Motion at Ex. A (Doc. No. 11-1); "Settlement Agreement"), and the parties' Joint Response to Court's Order Taking Under Advisement Joint Motion to Approve Settlement (Doc. No. 13; "Response"), filed July 12, 2011.[2] This case was brought, in part, pursuant to the Fair Labor Standards Act, 29 U.S.C.

---

      [1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

      [2] On April 27, 2011, an Order of Administrative Closure and Reference (Doc. No. 10) was entered, referring this matter to the assigned United States Magistrate Judge "for the preparation of a Report and Recommendation as to whether [the parties' proposed] settlement is a 'fair and reasonable resolution of a bonafide dispute' over FLSA issues." (citations omitted). Thereafter, on June 13, 2011, the Motion was filed. On July 1, 2011, an

§§ 201, et seq. ("FLSA").[3]  In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness."  Lynn's Food Stores, 679 F.2d at 1353, 1355; see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

For the alleged violation of the FLSA's overtime compensation provision, Plaintiff in the Complaint seeks "general damages, overtime compensation . . . , liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees[.]" Compl. (Doc. No. 1) at 5.  The parties state that although Defendant denies Plaintiff's allegations, they "stipulate that they had a bona fide dispute" which included issues related to "applicable FLSA exemptions, good faith and other defenses."  Motion at 2; see also Response at 1.  The parties negotiated a compromise settlement due in part "to avoid the expense, disruption, and uncertainty of continued litigation." Motion at 2.  The parties agree that the settlement represents a "fair and reasonable" resolution of Plaintiff's FLSA claims, id. at 3, and request that the Court find the same. Id. at 5.  The parties also ask the Court

---

Order was entered by the undersigned (Doc. No. 12) taking under advisement the Motion and directing the parties to file a joint notice indicating the amount Plaintiff initially sought as unpaid wages and for his other claims.  The parties did so in the Response.

[3]     The Complaint (Doc. No. 1) contains three counts: unpaid overtime compensation in violation of the FLSA (count I); retaliation in violation of the FLSA (count II); and retaliation in violation of section 440.205, Florida statutes (count III).  As to both retaliation claims, "Defendant has satisfactorily demonstrated to the Plaintiff that [the] claims were not able to be successful."  Response at 2.  This Report and Recommendation addresses the overtime compensation claim.  See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1355 (11th Cir. 1982) (stating that compromise settlements must be approved when "back wage or liquidated damages" claims are brought).

to dismiss the case with prejudice, with each party to bear its own attorneys' fees and costs except as provided for in the Motion. Id. at 6.

The parties represent that Plaintiff originally demanded overtime compensation for seventy-five (75) hours at the rate of $14.25 per hour, for a total of $1,068.75, plus liquidated damages.[4] Response at 1. In compromise, Defendant agrees to pay Plaintiff a total amount of $1,200.00 to settle his case. Id. at 1; Settlement Agreement at 2; see also Response at 2. In addition to that amount, Defendant will pay $800.00 in consideration for Plaintiff's attorneys' fees and costs. Motion at 2; Settlement Agreement at 2.

Noting that the parties represent the attorneys' fees were negotiated "separately and without regard to the amount paid to settle Plaintiff's FLSA" claims, Motion at 2 (internal citations omitted), upon review of the parties' papers and the remainder of the file, the undersigned finds that this settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[5]

Accordingly, it is respectfully

---

[4] Plaintiff was employed by Defendant for approximately ten (10) weeks. Response at 1.

[5] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the recommended award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

**RECOMMENDED**:

1.That the Joint Motion to Approve Settlement and Incorporated Memorandum of Law (Doc. No. 11) be **GRANTED**.

2.That the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement.

3.That this case be **DISMISSED WITH PREJUDICE** with each party to pay its own fees and costs, except as provided in the Motion, and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 15, 2011.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record